**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

---

| | |
|---|---|
| RUSSELL DAVIS, *individually and on behalf of all others similarly situated* 900 N. Saint Bernard Street Philadelphia, PA 19131 : : : : : Plaintiff, : : v. : : TOTAL SECURITY RESOURCES : GROUP INC. : 184 Livingston Ave., Suite 102 : New Brunswick, NJ 08901 : : Defendant. : | CIVIL ACTION NO. _____ **JURY TRIAL DEMANDED** |

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Russell Davis ("Plaintiff") hereby brings this action against Defendant Total Security Resources Group Inc. ("Defendant"), and alleges, upon personal belief as to his own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this complaint contending that Defendant unlawfully failed to pay him and other similarly-situated Security Agents ("Class Plaintiffs") overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*

2. Plaintiff was an employee of Defendant employed in the position of Security Agent. Plaintiff and, upon information and belief, Class Plaintiffs regularly worked more than forty (40) hours per week, but were not properly compensated for their work in that Plaintiff and Class Plaintiffs were not paid an overtime premium at 1.5 times their regular rate of pay for each

hour worked in excess of forty (40) hours in a workweek. Rather, Defendant paid Plaintiff and, upon information and belief, Class Plaintiffs a straight time rate, with no overtime premium, for hours worked over forty (40) in a workweek.

3. Plaintiff brings this action as a representative action under the FLSA and PMWA for monetary damages and penalties, to seek redress for Defendant's willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

5. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

7. General personal jurisdiction over Defendant exists in the State of New Jersey as Defendant is incorporated in and maintains its principal place of business within the State of New Jersey, where it operates what it advertises as its "Head Office" at 184 Livingston Ave, Suite 102, New Brunswick, NJ 08901. See Defendant's website, https://tsrgrp.net/ (last visited 4/2/2024).

8. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as Defendant resides in this judicial district, doing business therein.

## PARTIES

9. Plaintiff Russell Davis currently resides at 900 N. Saint Bernard Street,

Philadelphia, PA 19131.

10. Upon information and belief, Defendant Total Security Resources Group Inc., is a business corporation organized and existing under the laws of the State of New Jersey, with a head office and principal place of business at 184 Livingston Ave., Suite 102, New Brunswick, NJ 08901.

11. Defendant is an "employer" and covered by the FLSA.

12. Upon information and belief, Defendant is a covered employer under the FLSA in that, during the course of Plaintiff's employment, it had an annual dollar volume of sales or business done of at least $500,000, and has multiple employees (including, but not limited to Plaintiff and Class Plaintiffs) who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

13. Plaintiff and, upon information and belief, Class Plaintiffs was/were employees who were engaged in commerce and employed by Defendant during all times relevant hereto and, as such, were employees entitled to the FLSA's protections. See 29 U.S.C. 203(e).

14. At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15. Paragraphs 1 through 14 are hereby incorporated by reference as though the same were fully set forth at length herein.

16. This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

17. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the position of Security Agent, or in positions with substantially similar job duties, who worked for Defendant at any point in the past three (3) years who were paid on an hourly basis and denied overtime compensation at their regular rate of pay for all hours worked over forty (40) in a workweek ("Class Plaintiffs").

18. Plaintiff estimates that there are in excess of one hundred (100) other similarly situated Security Agents who either are working or worked for Defendant within the past three (3) years and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices described above. The precise number of employees can easily be ascertained by Defendant. These employees can be identified and located using Defendant's payroll and/or personnel records. Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

19. Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly-situated. Plaintiff and Class Plaintiffs were similarly denied overtime compensation at their regular rate of pay as a result of Defendant's payment of a "straight time" rate for hours worked over forty (40) in a workweek, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendant's willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendant has failed to pay Class Plaintiffs an overtime premium based on

1.5 times their "regular rate" for all hours worked over forty (40) hours in a workweek, have impacted Class Plaintiffs in the same fashion.

20. Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

21. Paragraphs 1 through 20 are hereby incorporated by reference as though the same were fully set forth at length herein.

22. Plaintiff brings this action individually, and on behalf of the following Pennsylvania-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed by Defendant at any point during the past three (3) years in the position of Security Agent who were paid on an hourly basis and denied overtime compensation for work performed in excess of forty (40) hours in a workweek.

23. The members of the class are so numerous that joinder of all members is impractical. Class members may be informed of the pendency of this Class Action by direct mail.

24. Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

    a. Whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

    b. Whether Defendant failed to accurately track and maintain records of the hours worked by Plaintiff and the Class;

   c. Whether Plaintiff and the Class worked in excess of forty (40) hours per week; and

   d. Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount.

25. Plaintiff's claims are typical of the claims of the Class Members. Plaintiff was an employee of Defendant employed in the position of Security Agent who has suffered similar injuries as those suffered by the Class members as a result of Defendant's failure to pay overtime compensation. Defendant's conduct of violating the PMWA has affected Plaintiff and the Class in the exact same way.

26. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

27. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

28. Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

   A. The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

   B. Defendant, by failing to pay overtime compensation in violation of the PMWA, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

   C. The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is

superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness, and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

29. A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

## FACTUAL BACKGROUND

30. Paragraphs 1 through 29 are hereby incorporated by reference as though the same were fully set forth at length herein.

31. Plaintiff first began his employment with Defendant in or around December 2021, when he was hired as a Security Agent.

32. Upon information and belief, Defendant employs or has employed in excess of one hundred (100) Security Agents during the past three (3) years.

33. In his capacity as Security Agent, Plaintiff's primary job duty involved the performance of security and protection services for Defendant's commercial client Apple, in

particular its Apple Store locations in Lower Merion, PA, King of Prussia, PA, and Philadelphia, PA, to which Plaintiff was assigned by Defendant.

34. During the course of his employment for Defendant, Plaintiff was assigned exclusively to Apple Store locations.

35. Plaintiff was paid by Defendant on an hourly basis as a W-2 employee.

36. Upon information and belief, Defendant paid/pays all of its Security Agents on an hourly basis as W-2 employees.

37. Plaintiff, and upon information and belief, Class Plaintiffs, routinely worked/work more than forty (40) hours per week.

38. Nevertheless, Plaintiff and, upon information and belief, Class Plaintiffs were not paid overtime compensation for any hours they worked over forty (40) in a workweek.

39. Instead, Plaintiff and, upon information and belief, Class Plaintiffs received only straight-time compensation – i.e. their regular hourly rate – for any overtime hours they worked.

40. During a typical, average workweek, Plaintiff generally worked approximately forty-five (45) hours, although Plaintiff worked in excess of fifty (50) hours per week on multiple occasions.

41. For example, during the workweek of April 18, 2022 to April 24, 2022, Plaintiff worked a total of fifty-five (55) hours, but was paid only his regular hourly rate of $25.00 per hour for all hours worked, with no overtime premium for the fifteen (15) hours of overtime he worked that week.

42. Upon information and belief, Class Plaintiffs generally also worked significantly in excess of forty (40) hours per week, but did not receive an overtime premium for overtime hours worked.

43. Indeed, when he began working for Defendant in around December 2021, he discussed Defendant's policies with respect to compensation for overtime hours with his direct supervisor, Nelson Valentin Sr. ("Mr. Valentin").

44. Mr. Valentin explain to Plaintiff that when he (and other Security Agents) worked more than forty (40) hours per week, they could potentially roll over PTO hours in some variant of flextime compensation.

45. However, when asked about the payment of overtime compensation (i.e. time and a half), he told Plaintiff, "Yeah, we don't really do that here."

46. Not only was/is it thus Defendant's policy not to pay overtime compensation to its Security Agents, but the rollover/flex time Mr. Valentin mentioned to Plaintiff also never materialized. Rather, as described above, Plaintiff was simply paid his regular hourly rate for all hours worked, with no overtime premium.

47. Plaintiff and Class Plaintiffs are/were paid on an hourly basis, and, as such, do not qualify for the exemptions for executive, administrative, or professional employees under the FLSA/PMWA.

48. Furthermore, there are/were no exemptions under the FLSA and/or PMWA which could potentially be applicable to Plaintiff or Class Plaintiffs.

49. Plaintiff and Class Plaintiffs are/were, within the meaning of the FLSA and PMWA, non-exempt employees of Defendant and therefore entitled to overtime compensation for all hours they worked over forty (40) in a workweek.

50. As a result of Defendant's aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C § 201, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

51. Paragraphs 1 through 50 are hereby incorporated by reference as though the same were fully set forth at length herein.

52. Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

53. Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

54. Defendant failed to pay Plaintiff and, upon information and belief, all Class Plaintiffs overtime compensation at one and a half times their regular rate of pay for all hours worked over forty (40) in a workweek.

55. The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

56. Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

57. Defendant's actions in paying Plaintiff (as well as Class Plaintiffs, upon information and belief) as a W-2 employee (i.e. not independent contractor), on an hourly basis (thereby disqualifying him from any overtime compensation exemptions which require payment on a bona fide salary or fee basis), and through payroll checks on which it reported more than forty (40) hours of work within a 7-day period but for which it failed to pay overtime compensation, reveal a willful disregard of Defendant's obligations to pay overtime compensation under the FLSA.

58. Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE,** Plaintiff prays for the following relief on behalf of himself and Class Plaintiffs;

A. An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendant at any point during the past three (3) years in the position of Security Agent, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

C. Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D. Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff and Class Plaintiffs for work performed in excess of forty (40) hours per week;

E. Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

F. Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G. Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

H. Awarding pre- and post-judgment interest and court costs as further allowed by law;

I. Granting Plaintiff leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J. For all additional general and equitable relief to which Plaintiff and the Class Plaintiffs may be entitled.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
## 43 P.S. § 333, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

59. Paragraphs 1 through 58 are hereby incorporated by reference as though the same were fully set forth at length herein.

60. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

61. The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

62. By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation to Plaintiff and Class Plaintiffs.

63. As a result of Defendant's unlawful acts, Plaintiff and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are/were entitled to recovery of such amounts, together with interest, costs, and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff, on behalf of himself and the Class Plaintiffs, prays for judgment against Defendant as follows:

A. An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and his counsel as class counsel;

B. An award to Plaintiff and Class Plaintiffs for the amount of unpaid overtime compensation to which they are/were entitled, including interest thereon, and penalties subject to proof;

C. An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D. An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: /s/ Michael Groh
Michael Murphy, Esquire
Michael Groh, Esquire

                                                Eight Penn Center, Suite 2000  
                                                1628 John F. Kennedy Blvd.  
                                                Philadelphia, PA 19103  
                                                TEL: 267-273-1054  
                                                FAX: 215-525-021  
                                                murphy@phillyemploymentlawyer.com  
                                                mgroh@phillyemploymentlawyer.com  
                                                Attorneys for Plaintiff

Dated:   April 11, 2024

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and the Class Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.